DECKER *vs.* CLARKE and others.

26 163
63 409

1. A mortgage of a leasehold interest is within the provisions of the "act to register mortgages." To such a mortgage, the "act concerning chattel mortgages" does not apply; that act has reference only to chattels personal.

2. Hence, a claim of want of notice for failure to comply with the requirements of the "act concerning chattel mortgages," cannot avail a purchaser of the leasehold interest at a sale under execution issued on a judgment recovered subsequently to the registry of the leasehold mortgage.

On the 2d of January, 1866, the defendant, Christopher Clarke, executed to the defendant, Erastus Hedges, a lease of certain land and premises at the corner of Fifth and

Bloomfield streets, in Hoboken, for the term of ten years and four months, from the 1st of January, 1866. The lease was afterwards recorded in the office of the clerk of the county of Hudson. It contained a covenant on the part of the lessee to finish, at his own cost, a building, the construction of which had been commenced on the property; and he or his representatives were, by the terms of the lease, to receive compensation for the building at the expiration of the term. On or about the 2d of January, 1866, Erastus Hedges entered into possession of the premises, and erected thereon, at the cost of between $4500 and $5000, a building such as was provided for by the lease, and continued to occupy the premises until on or about the 29th of April, 1867, when he sold his interest in the lease and building to the defendants, Charles Bagley, Thomas Walker, and Charles M. Hedges, who then gave him their bond and mortgage upon the leasehold interest, for the sum of $6176, with interest, part of the purchase money agreed to be paid by them to him. This mortgage was recorded on the 1st of May, 1867, in the office of the clerk of the county of Hudson, in Liber 43 of mortgages. On the 15th of May, 1868, Erastus Hedges assigned that bond and mortgage to the complainant by an assignment, which was duly recorded on the 16th of May, 1868. On the 14th of July following, Bagley assigned his interest in the lease to Walker. On the 14th of December following, Charles M. Hedges assigned his interest in the lease to Erastus Hedges. On the 28th of July, 1869, Walker assigned the equal undivided one-sixth of his interest in the lease, to Erastus Hedges. On the 22d of March, 1873, the then late sheriff of the county of Hudson, by virtue of three executions issued out of the Circuit Court of that county, on judgments therein recovered against Erastus Hedges, subsequently to the recording of the complainant's mortgage, sold the the interest of Erastus Hedges in the lease, to the defendant, Michael Foley, and his interest in the building to Timothy Foley. On the same day, Walker assigned his interest in the lease and building to Timothy Foley. On

the 18th of August following, the complainant filed his bill in this court to foreclose his mortgage, claiming that there was due him thereon, the sum of $2000, with interest from November 1st, 1872, and also that the sheriff's sale was void; and if it was not void, the conveyances to the Foleys were expressly subject to his mortgage.

Answers were filed by Clarke, and Timothy and Michael Foley, respectively. Clarke's answer is mainly formal. Michael and Timothy Foley, by their answers, admit the execution of the lease and the assignments and the recovery of the judgments, as stated in the bill, but insist that they had no notice of the complainant's mortgage until after they had made their purchases, and that the mortgage is entirely void and of no effect as to them, because it is a mortgage of a chattel, and was not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the thing mortgaged, and because there was no copy thereof filed in the manner directed by law in the office of the clerk of Hudson county, wherein the mortgagors resided at the time of the making of the mortgage.

On final hearing, on pleadings and proofs.

*Mr. R. P. Wortendyke,* for complainant.

THE CHANCELLOR.

The complainant's mortgage is within the provisions of the act "to register mortgages," (*Nix. Dig.* 610,) which extends to " every deed of mortgage or conveyance in the nature of a mortgage of or for any lands, tenements, or hereditaments." Such mortgages are not only within the description of the act, but they are also within its reason and spirit, because they are equally within the mischief for which it provides a remedy. *Johnson* v. *Stagg,* 2 *Johns.* 510, 523; *Berry* v. *Mutual, &c.,* 2 *Johns. Ch. R.* 609; *Breese* v. *Bange,* 2 *E. D. Smith* 174. They are obviously not within the provisions of the act "concerning chattel mortgages." (*Nix. Dig.* 613.) That

act has reference only to chattels personal. The claim of want of notice set up by the defendants, Michael and Timothy Foley, therefore, cannot avail them. The complainant is entitled to a decree establishing his mortgage as an encumbrance on the premises, accordingly.